### In re HOWARDS APPLIANCE CORP., Debtor.

**Bankruptcy No. 886–614988–20.**

United States Bankruptcy Court, E.D. New York.

Oct. 31, 1986.

See also, Bkrtcy., 69 B.R. 1015.

Stern & Peshkin, New York City, for Security Pacific Distribution Services.

Phillip Irwin Aaron, Jericho, N.Y., for debtor.

Summit Rovins & Feldesman, New York City, for W.R. Light.

Herzfeld & Rubin, New York City, for creditors' committee.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motion of Security Pacific Distribution Services (Security Pacific) to vacate the automatic stay of litigation to collect gas grills held by the debtor in New Jersey and in Suffolk County, New York. Security Pacific argues 1) its security interest is impaired, and 2) the grills are not vital to the debtor's reorganization. The court hereby denies the motion with respect to the debtor's grills located in New Jersey because Security Pacific did not establish that it had a security interest to protect. Another hearing is necessary with respect to the grills located in Suffolk County because the parties offered insufficient evidence for the court to determine whether Security Pacific can identify the grills secured.

## FACTS

The debtor is a retail business dealing in appliances, including gas grills. On October 18, 1985 Security Pacific entered into an inventory financing agreement with the debtor to cover gas grills. Security Pacific filed financing statements under the Uniform Commercial Code (U.C.C.) with the New York Department of State and with the County Clerk's Offices in Nassau and Suffolk Counties.[1]

1. Another creditor, W.R. Light, made a "floor plan arrangement" with debtor in 1984, but W.R. Light made no motion to vacate the stay.

2. Uniform Commercial Code § 9–103(1)(b) reads as follows:
   Except as otherwise provided in this subsection, perfection and the effect of perfection or non-perfection of a security interest in collateral are governed by the law of the jurisdiction where the collateral is when the last event occurs on which is based the assertion that the security interest is perfected or unperfected.

3. Uniform Commercial Code § 9–401(1)(c) reads as follows:
   (1) The proper place to file in order to perfect a security interest is as follows:

The debtor received shipments of gas grills periodically, some to Nassau County, some to Suffolk County, and some to its New Jersey warehouse. No goods were transferred by the debtor from New York to New Jersey.

## DISCUSSION

With respect to the grills located in New Jersey, Security Pacific admits that it never filed a financing statement in New Jersey. Thus, the first issue is whether a lien is attached to the goods in New Jersey.

Under the U.C.C. in both New York and New Jersey, the last location of the goods determines which state law to apply.[2] Since the goods were located in New Jersey at all relevant times, New Jersey law applies. Section 9–401 of the Uniform Commercial Code in New Jersey requires for perfection of a security interest in inventory that a financing statement be filed with the Secretary of State of New Jersey.[3] In this case, Security Pacific filed nothing in New Jersey, and therefore has no prima facie U.C.C. lien on the New Jersey grills.

Had the debtor not entered bankruptcy, section 9–401(3) would have excused Security Pacific's failure to file in New Jersey, because the debtor had actual "knowledge" of the contents of the financing statement.[4] Fortunately for the debtor, 11 U.S.C. § 544(a) deems the debtor in possession to have no actual knowledge of the financing statement.[5] Since the Bankruptcy Code

...(c) in all other cases, in the office of the Secretary of State.

4. Uniform Commercial Code § 9–401(2) reads as follows:
   A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this Article and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.

5. 11 U.S.C. § 544(a) reads as follows:
   The trustee shall have, as of the commencement of the case, and without regard to any

strips the debtor of his knowledge, Security Pacific loses its New Jersey state law right to a lien against a debtor with knowledge.

Without a lien, 11 U.S.C. § 506(a) affords Security Pacific no secured status.[6] Without secured status, Security Pacific has no security interest to protect under 11 U.S.C. § 361. Finally, the grills are vital to the debtor's reorganization because the debtor is in the business of retailing gas grills, and replacement would be expensive and time consuming; to the detriment of the creditors and the debtor.

The parties offered insufficient evidence for the court to determine the identity, adequate protection, and necessity to the debtor of the grills in Suffolk County. If the parties cannot resolve amongst themselves the proper disposition of those grills, the parties may set the matter down for a second hearing. The debtor is cautioned to abide by Bankruptcy Code time constraints governing Security Pacific's motion.

SO ORDERED.

knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor.... Note that the debtor in possession in a reorganization case has the same powers as a trustee under 11 U.S.C. § 1107(a).

6. 11 U.S.C. § 506(a) reads as follows:
An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest....